# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CV-16-02109-PHX-SRB-(ESW) |
|---|---|
| Plaintiff/Respondent, | CR-13-0118-01-PHX-SRB |
| v. | **REPORT AND RECOMMENDATION** |
| Genaro Avila, Jr., | |
| Defendant/Movant. | |

**TO THE HONORABLE SUSAN R. BOLTON, SENIOR UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Genaro Avila, Jr.'s ("Movant") Third Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255[1] (the "Third Amended Motion to Vacate") (Doc. 12). The Government has filed a Response (Doc. 14), to which Movant has not replied. The matter is deemed ripe for consideration. For the reasons explained herein, the undersigned recommends that the Court deny and dismiss the Third Amended Motion to Vacate with prejudice.

## I. BACKGROUND

On January 23, 2013, a grand jury indicted Movant on the following counts:
i. Counts 1 and 3: Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d);

---

[1] Although the filing is captioned as a Second Amended Motion to Vacate, the Court has construed the filing as a Third Amended Motion to Vacate. (Doc. 13).

    ii. Counts 2 and 4: Use of a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(i, ii, iii);

    iii. Count 5: Armed Bank Robbery and Aid and Abet in violation of 18 U.S.C. §§ 2113(a) and (d) and 2; and

    iv. Count 6: Use of a Firearm During a Crime of Violence and Aid and Abet in violation of 18 U.S.C. §§ 924(c)(1)(A)(i, ii, iii) and 2.

(Doc. 14-1 at 4-8).

Pursuant to an August 21, 2013 plea agreement, the Court entered a judgment of conviction against Movant on Counts 5 and 6. (*Id.* at 10-25). The Court sentenced Movant to a total of 228 months in prison, which consists of consecutive prison terms of 108 months on Count 5 and 120 months on Count 6. (*Id.* at 22).

In June 2016, Movant initiated this Section 2255 proceeding. (Doc. 1). In the Third Amended Motion to Vacate, Movant challenges his conviction and sentence on Count 6 (Use of a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii)). Section 924(c) is a sentencing enhancement provision that sets forth mandatory sentences for defendants who "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ." The term "crime of violence" is defined as:

> an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection "(A)" above is referred to herein as the "Force Clause."[2] Subsection "(B)" above is referred to herein as the "Residual Clause."

Movant's Section 924(c) conviction is predicated on his armed bank robbery conviction (Count 5). Movant contends that this crime does not satisfy the definition of

---

[2] Courts and parties also sometimes refer to subsection "A" of 18 U.S.C. § 924(c)(3) as the "elements clause."

"crime of violence" under the Force Clause. (Doc. 12 at 7-17). Citing to *Johnson v. United States*, 135 S.Ct. 2551 (2015) (*Johnson II*), Movant also contends that the Residual Clause is unconstitutionally vague and cannot be used to support his Section 924(c) conviction. (Doc. 12 at 4-6).

*Johnson II* did not involve Section 924(c), but rather the Armed Career Criminal Act of 1984 ("ACCA"). The ACCA, 18 U.S.C. § 924(e)(1), sets forth a mandatory enhanced sentence for defendants who are convicted of being a felon in possession of a firearm or ammunition and have three or more previous convictions for a "violent felony or a serious drug offense." The term "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year" that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another**; [ ]

18 U.S.C. § 924(e)(2)(B) (emphasis added). The Supreme Court in *Johnson II* held that the bolded language of § 924(e)(2)(B)(i) is unconstitutionally vague,[3] explaining that it "produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Johnson II*, 135 S.Ct. at 2558. The Supreme Court subsequently held that *Johnson II* is to be applied retroactively to cases on collateral review. *Welch v. United States*, 136 S.Ct. 1257 (2016). Movant asserts that "[a]lthough *Johnson [II]* did not specifically address 924(c), the fraternal relationship between the statute in *Johnson [II]* and that of 924(c)(3) renders the 924(c)(3) residual clause unconstitutional." (Doc. 12 at 6).

## II. DISCUSSION

### A. Timeliness of Movant's Section 2255 Proceeding

28 U.S.C. § 2255 provides that a federal prisoner may make a motion to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). A Section 2255

---

[3] Courts typically refer to this language as the "residual clause."

- 3 -

motion is subject to a one-year statute of limitations. 28 U.S.C. § 2255(f) provides that the one-year statute of limitations for Section 2255 motions begins to run at the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The Government contends that Section 2255(f)(1) applies in this case. (Doc. 14 at 6). As Movant filed his Section 2255 motion more than one year after his convictions and sentences became final, the Government requests that this case be dismissed as untimely. (*Id.* at 6). Movant, however, asserts that his Section 924(c) sentence is illegal and unconstitutional under *Johnson II*. (Doc. 12 at 4-5). As discussed, the Supreme Court held in *Welch* that the rule announced in *Johnson II* is substantive and retroactively applies to cases on collateral review. The undersigned will assume *arguendo* that Section 2255(f)(3) applies to Movant's *Johnson II* claim and that the one-year limitations period commenced on the date that *Johnson II* was decided. *See Lowery v. United States*, CV-16-1808-PHX-SRB (JFM), 2017 WL 2348285, *11 (D. Ariz. May 3, 2017) ("While Movant's ultimate right to relief depends upon an extension of *Johnson [II]*, his claim is that *Johnson [II]* itself is sufficient to support his claim. Accordingly, his claim as he casts it does qualify under § 2255(f)(3), and thus his [Section 2255] Motion is timely."); *but see United States v. Willis*, 208 F.Supp.3d 739, 743 (E.D. Va. 2016) ("[D]efendant's contention—that § 924(c)'s residual clause is unconstitutionally vague—simply was not a

- 4 -

right announced by the Supreme Court in *Johnson.* Accordingly, defendant's § 2255 motion must be dismissed as untimely . . . .").

"*Johnson [II]* was decided on June 26, 2015, and thus the deadline for making a *Johnson [II]*-based motion was June 26, 2016." *United States v.* Savage, 231 F.Supp.3d 542, 573 (C.D. Cal. 2017) (internal quotation marks and citation omitted); *see also Orona v. United States*, 826 F.3d 1196, 1198 (9th Cir. 2016) (date on which Supreme Court recognized new right under *Johnson II* is June 26, 2015). Applying the prison mailbox rule, Movant filed his Section 2255 motion on June 20, 2016.[4] (Doc. 1). As it is not clear whether Section 2255(f)(3) applies in this case, the undersigned will not recommend that the Court dismiss the Third Amended Motion to Vacate on the ground that it is time-barred. The undersigned finds that the interests of judicial economy are better served by denying Movant's claim on the merits. *See Van Buskirk v. Baldwin*, 265 F.3d 1080, 1083 (9th Cir. 2001) (explaining that a district court may properly deny a habeas petition on merits rather than reaching "complex questions lurking in the time bar of the AEDPA").

## B. Collateral Attack Waiver

A defendant may waive his or her right to collaterally attack a conviction and sentence. *See United States v. Leniear*, 574 F.3d 668, 672 (9th Cir. 2009). "Such waivers usefully preserve the finality of judgments and sentences imposed pursuant to valid plea agreements." *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000), *superseded by rule on other grounds as stated in United States v. Lo*, 839 F.3d 777, 784 n.1 (9th Cir. 2016). However, a valid waiver "will not apply" if "the sentence violates the law." *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007); *see also United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016) ("A waiver of appellate rights will

---

[4] Although the original Motion to Vacate was docketed on June 27, 2016, Movant declared under the penalty of perjury that he placed it in the prison mailing system on June 20, 2016. (Doc. 1 at 2). Under the "prison mailbox rule," a prisoner's state filings are deemed "filed" when they are delivered to prison officials for mailing. *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000).

- 5 -

. . . not apply if a defendant's sentence is illegal . . . ."). A sentence is illegal if it exceeds the permissible statutory penalty for the crime or violates the Constitution. *Id.*

> As part of Movant's plea agreement, Movant expressly waived any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction . . . the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any . . . motions under . . . Title 28, United States Code, Sections 2241 and 2255.

(Doc. 14-1 at 13). The Government asserts that this Section 2255 proceeding is precluded based on the collateral attack waiver. (Doc. 14 at 7). Movant argues that the collateral attack waiver is unenforceable, asserting that "he was sentenced pursuant to the unconstitutionally vague residual clause enfolded within § 924(c)(3)." (Doc. 12 at 18). However, as shown below, Movant's predicate armed bank robbery conviction qualifies as a crime of violence under the Force Clause of Section 924(c)(3)(A). Therefore, even if the collateral waiver set forth in Movant's plea agreement is unenforceable as to Movant's *Johnson II* claim,[5] the undersigned finds that the *Johnson II* claim is without merit. It is therefore unnecessary to resolve the waiver issue.

### C. Movant's Armed Bank Robbery Conviction is a Crime of Violence Under the Force Clause of Section 924(c)(3)(A)

In this case, regardless of the Residual Clause's constitutionality, Movant's Section 924(c) conviction would be upheld if his predicate armed bank robbery conviction is a "crime of violence" under the Force Clause. The following summarizes the methodology to be used in making that analysis.

---

[5] *See Torres*, 828 F.3d at 1125 (holding that if *Johnson II* nullifies the residual clause of the Career Offender Guidelines, sentences rendered pursuant to that clause are likely unconstitutional and would be "illegal," and thus waivers in plea agreements cannot bar collateral attacks on that basis); *United States v. Bonaparte*, 2:12–cr–132–JAD–CWH–2, 2017 WL 3159984, at *1 (D. Nev. July 25, 2017) ("At the time Bonaparte was sentenced, his conviction easily qualified as a crime of violence under § 924(c). It was not until the Supreme Court handed down *Johnson [II]* that he suddenly had a constitutional challenge available to him. Bonaparte's instant motion based on *Johnson [II]* and the unconstitutionality of § 924(c)'s residual clause is thus not barred by the terms of his plea agreement.").

The Ninth Circuit "has adopted a categorical approach to determining which offenses are included under section 924(c) as 'crimes of violence.'" *United States v. Amparo*, 68 F.3d 1222, 1224 (9th Cir. 1995); *United States v. Piccolo*, 441 F.3d 1084, 1086-87 (9th Cir. 2006) ("In the context of crime of violence determinations under section 924(c), our categorical approach applies regardless of whether we review a current or prior crime."). A court applying the categorical approach must "determine whether the [offense] is categorically a 'crime of violence' by comparing the elements of the [offense] with the generic federal definition." *United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1098 (9th Cir. 2015) (internal citations omitted). Because the categorical approach is concerned only with what conduct the offense necessarily involves, the court "must presume that the [offense] rest[s] upon nothing more than the least of the acts criminalized, and then determine whether even those acts are encompassed by the generic federal offense." *Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013) (internal quotation marks and alterations omitted). If the elements of the offense "criminalize a broader swath of conduct" than the conduct covered by the generic federal definition, the offense cannot qualify as a crime of violence, even if the particular facts underlying the defendant's own case might satisfy that definition. *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014) (internal quotation marks omitted). However, where a prior conviction is under a "divisible statute," that is, one which "sets out one or more elements of the offense in the alternative," courts apply a "modified categorical approach." *Descamps v. United States*, 133 S.Ct. 2276, 2281 (2013).

As mentioned, the Force Clause contained in Section 924(c)(3)(A) defines a "crime of violence" as an offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." In comparison, the federal armed bank robbery statute under which Movant was convicted on Count 5 provides:

> (a) Whoever, by force and violence, or by intimidation,

> takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny—
> Shall be fined under this title or imprisoned not more than twenty years, or both.
> . . . .
> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. § 2113(a) and (d). Movant contends that federal armed bank robbery does not require (i) use of "violent" physical force and (ii) specific intent to use or threaten such force, which Movant asserts are required elements in order to qualify as a crime of violence under the Force Clause. (Doc. 12 at 7-17).

**1. Armed Bank Robbery is a Crime that Requires Violent Force**

Movant cites *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson I*") in arguing that armed bank robbery is not a crime of violence under the Force Clause. *Johnson I* involved the "force" clause set forth in the ACCA, 18 U.S.C. § 924(e)(2)(B)(i). Section 924(e)(2)(B)(i) defines "violent felony" in part as an offense that "has an element the use, attempted use, or threatened use of physical force against the person of another." The Supreme Court in *Johnson I* clarified that "physical force," as used in § 924(e)(2), "means *violent* force—that is, force capable of causing physical pain or injury to another

person." *Id.* at 140. The undersigned will assume without deciding that *Johnson I*'s definition of "physical force" applies to the Force Clause of § 926(c)(3)(A). Therefore, in order to qualify as a crime of violence under the Force Clause, federal armed bank robbery must require the use, attempted use, or threatened use of violent physical force.

Conviction for bank robbery pursuant to 18 U.S.C. § 2113(a) requires proof of either "force and violence" or "intimidation." Movant argues that armed bank robbery does not qualify as a crime of violence under the Force Clause because it can be accomplished by "intimidation," and "nothing in the term 'intimidation' requires a threat of violent physical force." (Doc. 12 at 14).

The Ninth Circuit "has defined 'intimidation' under section 2113(a) to mean 'willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm.'" *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)). In *Selfa*, the Ninth Circuit explained that this definition of intimidation is "sufficient to meet the . . . requirement of a 'threatened use of physical force.'" *Id.*

Recently, the Ninth Circuit stated that *Johnson I*'s "violent force" requirement "is not inconsistent with our clear statement that the element of 'intimidation' is 'sufficient to meet the . . . requirement of a 'threatened use of physical force.'" *United States v. Pritchard*, --- F. App'x ----, 2017 WL 2219005, at *1 (9th Cir. May 18, 2017) (quoting *Selfa*, 918 F.2d at 751). Other courts have held that bank robbery under § 2113(a) inherently contains a threat of violent physical force. *See*, *e.g.*, *United States v. Armour*, 840 F.3d 904, 909 (7th Cir. 2016) ("[*Johnson I*] teaches that the violent force that must be feared for robbery by intimidation to be a crime of violence has a low threshold—a fear of a slap in the face is enough. . . . This low threshold of violent force is necessarily satisfied in attempted bank robbery by intimidation."); *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) (holding that "[b]ank robbery under § 2113(a), 'by intimidation,' requires the threatened use of physical force" and, therefore, "includes an element that is 'the use, attempted use, or threatened use of physical force,' and thus bank robbery under

- 9 -

§ 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3)."); *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016) ("And a conviction for armed bank robbery clearly meets the requirement for an underlying felony offense, as set out in § 924(c)(3)(A), which requires the underlying offense to include as an element, 'the use, attempted use, or threatened use of physical force against the person or property of another.'").

Assuming *Johnson I* applies to this case, the undersigned concludes that federal armed bank robbery includes the necessary violent physical force element in order to qualify a crime of violence under the Force Clause of § 924(c)(3)(A).

### 2. Armed Bank Robbery is a Crime that Requires the Intentional Use or Threatened Use of Force

Offenses that can be committed through negligence or mere recklessness do not qualify as crimes of violence. *See Leocal v. Ashcroft*, 543 U.S. 1, 9-10 (2004); *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1132 (9th Cir. 2006). Movant argues that a defendant can be convicted of federal armed bank robbery without intentionally using or threatening physical force. (Doc. 12 at 7-13). However, this argument is foreclosed by the Ninth Circuit's definition of intimidation, which incorporates a willfulness component. *See Selfa*, 918 F.2d at 751 (defining "'intimidation' under Section 2113(a) to mean 'wilfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm.'"). As one court has explained, "Section 2113(a) may be a general intent statute, but taking money by force, violence or intimidation involves a higher degree of culpability than accidental, negligent, or reckless conduct." *United States v. Mitchell*, Case No. 15-CR-47, 2015 WL 7283132, at *3 (E.D. Wis. Nov. 17, 2015) (citation omitted); *see also Pritchard*, 2017 WL 2219005, at *1 (explaining that "a conviction under § 2113(a) requires a showing of general intent, and therefore requires that any 'intimidation' and threatened use of force be intentional").

Supreme Court precedent requires Movant to present a "realistic probability, not a theoretical possibility" that a federal armed bank robbery conviction could be sustained

without demonstrating that the defendant intentionally used or threatened to use force. *See Moncrieffe*, 133 S.Ct. at 1684-85. The undersigned does not find that Movant has made such a showing. The undersigned concludes that armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) categorically qualifies as a crime of violence under the Force Clause of Section 924(c)(3)(A). *See, e.g., See Pritchard*, 2017 WL 2219005, at *1 ("[U]nder our precedents, Pritchard's conviction under § 2113(a) & (d) was for a predicate crime of violence, and his conviction under 18 U.S.C. § 924(c)(1)(A)(ii) is affirmed."); *United States v. Steppes*, 651 F. App'x 697 (9th Cir. 2016) (holding that, after *Johnson II*, bank robbery under § 2113(a) is still a crime of violence for the purposes of U.S.S.G. § 4B1.2(a)); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016) (relying on *Selfa* to reject movant's claim that, because Hobbs Act robbery could also be accomplished by putting someone in "fear of injury," it was not a crime of violence within the meaning of 18 U.S.C. § 924(c)(3)(A)); *United States v. Wright*, 215 F.3d 1020, 1029 (9th Cir. 2000) ("Armed bank robbery qualifies as a crime of violence because one of the elements of the offense is a taking "by force and violence, or by intimidation."). It is recommended that the Court deny and dismiss Movant's Third Amended Motion to Vacate (Doc. 12).

### III. CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the Third Amended Motion to Vacate (Doc. 12) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* be **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to

file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated this 29th day of September, 2017.

*/s/ Eileen S. Willett*
Eileen S. Willett
United States Magistrate Judge